IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Matthew Stephen McCormack, #178817, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| Alvin S. Glenn Detention Ctr. Medical Staff, | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No. 6:04-22337-HFF-WMC

**REPORT OF MAGISTRATE JUDGE**

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the defendants' motion to dismiss or, in the alternative, for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff filed his complaint on September 20, 2004, alleging that he was misdiagnosed by the defendant and denied proper medical treatment. On January 31, 2005, the defendant filed a motion to dismiss or, in the alternative, for summary judgment. By order filed on February 8, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendant's motion on February 23, 2005, as well as a supplemental response on May 24, 2005. The plaintiff also filed a motion for appointment of counsel on November 5, 2004, and a motion for discovery, appointment of counsel, and injunctive relief on December 8, 2004.

**FACTUAL BACKGROUND**

The plaintiff is incarcerated currently at Kirkland Correctional Institution. This action is premised on the plaintiff's incarceration at the Alvin S. Glenn Detention Center (AGDC) while awaiting trial.

According to the plaintiff, he developed a painful lump on his kidney "about the size of a softball" during the first week of January 2004 (compl. 3). He submitted several requests for medical attention and was finally examined "by an outside doctor that was employed by ASGDC" (compl. 3). This doctor took x-rays and told the plaintiff that the lump was a "fat deposit" for which nothing could be done by the county since it did not pose a life-threatening risk (compl. 3). The plaintiff alleges that he continued to be in great pain for another month, and that the lump grew larger and turned red. He claims that he received no pain medication and that the medical staff did not seem to care (compl. 3-4).

After he was sentenced in early February 2004, the plaintiff was transferred to the Kirkland Correctional Institution (KCI). He alleges that the medical staff at KCI evaluated the lump and explained that "it had turned into a staff infection" and "could not believe that [he] had gone for so long without treatment" (compl. 4). He was provided medication and "healed up around mid-March" (compl. 4). The plaintiff believes that he was bitten by a brown recluse spider but admits that he is not sure (compl. 4).

**APPLICABLE LAW**

*Motion to Dismiss Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4ht Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

***Motion for Summary Judgment Standard***

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of

3

its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings; rather, she must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiffs position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. §1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the

4

treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Rogers v. Evans*, 792 F.2d 1052, 1058 (5th Cir. 1986). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir 1990), *cert. denied*, 500 U.S. 956 (1991).

Deliberate indifference may be demonstrated by either actual intent or reckless disregard. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. *Id.* Nevertheless, mere negligence or malpractice does not violate the Eighth Amendment. *Estelle*, 429 U.S. at 106. Rather, an Eighth Amendment claim is stated by deliberate indifference in the face of pervasive risk of harm or deliberate indifference or callous indifference on the part of prison officials to a specific known risk of harm. *Pressly v. Hutto*, 816 F.2d 977 (4th Cir. 1987).

A claim of deliberate indifference to serious medical needs requires a greater showing than made here, even if it were to be assumed that the plaintiff's medical needs were serious and that a finding of negligence on the part of the defendant could be supported by the evidence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle*, 429 U.S. at 106. Here, the plaintiff has submitted no evidence at all to support his claims of misdiagnosis or denial of treatment. Indeed, the United States Supreme Court has explained:

> Since, we said, only the "unnecessary and *wanton* infliction of pain" implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege "deliberate indifference" to his "serious" medical needs. It is *only* such indifference that can violate the Eighth Amendment; allegations of "inadvertent failure to provide adequate medical care," or of a "negligent . . . diagnosis," simply fail to establish the requisite culpable state of mind.

*Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (*quoting Estelle*, 429 U.S. at 104-106) (citations omitted). The plaintiff's claims of misdiagnosis and improper treatment, without more, are insufficient to establish a violation of §1983.

5

If anything, the plaintiff has raised allegations of medical malpractice. Section 1983 provides a remedy for violations or deprivations of rights secured by the Constitution or other laws of the United States, not ordinary state torts. *See Maine v. Thiboutot*, 448 U.S. 1 (1980). A §1983 claim is not the proper remedy for an ordinary state tort claim. *Tucker v. Duncan*, 499 F.2d 963 (4th Cir. 1974). Thus, to the extent that the plaintiff has asserted a medical malpractice claim against the defendant, it should be dismissed.

Moreover, even if the plaintiff was able to establish the elements of a claim for deliberate indifference, he has not made his allegations specific to the actions of individual employees of Prison Health Services, Inc. (PHS). The medical department of a prison may not be sued because it is not a person within the meaning of §1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Here, in the caption and body of his complaint, the plaintiff names "Alvin S. Glenn Detention Center Medical Staff" as the defendant to this action. PHS, a private corporation, actually provides medical services[1] to inmates of AGDC. Thus, the plaintiff's claims are against PHS, i.e., the medical staff of AGDC. PHS is not a proper party to a §1983 action.

## CONCLUSION AND RECOMMENDATION

Wherefore, it is recommended that the defendants' motion for summary judgment be granted. The plaintiff's motion for appointment of counsel filed November 5, 2004, is denied by order filed simultaneously herewith. All remaining pending nondispositive motions are held in abeyance pending the district judge's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

July 27, 2005

Greenville, South Carolina

---

[1] Specifically, PHS employs nurses, paramedics, social workers, and other staff who offer medical and mental health services to the inmates of AGDC.

6