

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

MATTHEW STEPHEN McCORMACK,  §
                           §
         Plaintiff,        §
                           §
vs.                        §    CIVIL ACTION NO. 6:04-22337-HFF-WMC
                           §
ALVIN S. GLENN DETENTION CTR.  §
MEDICAL STAFF,             §
                           §
         Defendant.        §

---

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation (Report) made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) for the District of South Carolina. Pursuant to these rules:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

U.S. Magistrate Judge William M. Catoe filed a Report recommending that this Court grant Defendant's motion for summary judgment. Plaintiff was apprised of his right to file objections to the Report, and he filed his "Objections to Report and Recommendation" (Objections) with the Clerk of Court on August 4, 2005.

In light of the standard set out above, the Court has reviewed, *de novo,* the pleadings in this case and finds that the Report is proper. Specifically, the Court finds that Plaintiff has failed to meet his burden of producing evidence to support his contention that Defendant acted with "deliberate indifference to a serious medical need." *See*, *e.g.*, *Pressly v. Hutto*, 816 F.2d 977 (4th Cir. 1987). While Plaintiff's Objections argue that a genuine factual dispute as to Defendant's actions does exist, he frames the alleged factual dispute in terms of a mis-diagnosis by Defendant. In this argument, Plaintiff is correct. At most, the facts, when viewed in a light most favorable to Plaintiff, establish a genuine factual dispute as to whether Defendant acted negligently in diagnosing Plaintiff's medical condition. As noted by Judge Catoe, however, mere negligence–even negligence in diagnosing or treating a serious medical condition–will not support an action under 42 U.S.C. § 1983. Magistrate's Report at 5 (*citing Daniels v. Williams*, 474 U.S. 327, 328 (1986), *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

The Court further finds that Plaintiff has not made his allegations of mis-diagnosis and mis-treatment specific to any individual persons. Judge Catoe noted this fact when he found that, even had the Plaintiff presented evidence to support his allegations of deliberate indifference to his medical condition, he had not named a proper party as defendant in this 42 U.S.C. § 1983 action. In objecting to this finding by the Magistrate Judge, Plaintiff notes that it is nearly impossible for

prisoners to determine the specific names of employees who perform medical treatment within state institutions. Plaintiff's Objections at 3. While the Court understands and sympathizes with Plaintiff's objections, it is constrained to apply the rules of subject matter jurisdiction strictly. In *Will v. Michigan Dep't. Of State Police*, 491 U.S. 58 (1989), the Supreme Court held that the medical department of a prison is not a person subject to suit under 42 U.S.C. § 1983. Thus, the Court has no jurisdiction to hear a suit against the defendant named by Plaintiff in this action. Therefore, the Court accepts and adopts the Report and orders that judgment be entered accordingly.[1]

It is therefore ordered that the report be accepted and incorporated herein, Plaintiff's objections be overruled, and Defendant's motion for summary judgment be **GRANTED**. All remaining pending motions are rendered moot and are **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 16th day of August, 2005 in Spartanburg, S.C.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court has reviewed Plaintiff's other objections but, for the reasons stated by the Magistrate Judge, finds them to be without merit and overrules them. Specifically, to the extent that Plaintiff has raised a Fourteenth Amendment issue in his Objections, *see* Plaintiff's Objections at 3-4, the Court finds that Plaintiff has not presented evidence in any of the pleadings to show that he was deprived of any procedural or substantive right. Therefore, the Court rejects Plaintiff's Fourteenth Amendment claim.